RUDOLPH TAGGE ET AL., APPELLEES, V. WILLIAM GULZOW ET AL., APPELLANTS.

271 N. W. 803

FILED MARCH 5, 1937. No. 29824.

*Cleary, Suhr & Davis* and *Clinton Cronin,* for appellants.

*B. J. Cunningham* and *W. P. Lauritsen, contra.*

Heard before ROSE, GOOD, EBERLY, PAINE and CARTER, JJ.

ROSE, J.

This is a suit in equity by ten plaintiffs, each having children of school age, for a permanent injunction enjoining three defendants who are the officers of Common School District Number 28, Hall county, Nebraska, from preventing such children from attending school in that district without the payment of tuition. The injunction was granted and defendants appealed.

Plaintiffs all reside on an 80-acre tract of land purchased with funds from the federal government for the purposes of a "Farmstead Project" or a "Cooperative Farmstead." The realty is in the county of Hall and is described as the east half of the northeast quarter of section 34, township 11 north, range 9 west of the 6th P. M. The tract is wholly within the territorial boundaries of the school district. For the general purposes of the farmstead project there were constructed on the premises a building for a canning factory and another building for a community hall. In the 80-acre tract each of 10 families was allowed to occupy and use as a farmstead 7.2 acres on which a house, a barn and other buildings had been erected with federal funds. The

head of each family had the use of federal money to buy furniture, a cow, pigs and chickens, under obligations for repayment. Temporary occupancy was under a short-term lease requiring rent, but with the conditional privilege of purchase on small payments for a period of years. The occupants were selected from relief rolls. The family on a farmstead. had no home except on the leased premises and intended to reside there permanently.

In the petition plaintiffs alleged they were residents of Public School District Number 28 in Hall county; that their children of school age were entitled to free school privileges in that district under the laws of Nebraska; that free access by them to such school was denied by defendants. In view of the allegations and facts outlined, as shown by the record, defendants state the substance of their defense to be:

"That said land is owned by the United States of America, holding title in the name of Nebraska Rural Rehabilitation Corporation of the county of Lancaster, in the state of Nebraska, a Delaware corporation; that said land was purchased by the United States for the purpose of erecting thereon needful buildings in carrying out a governmental project authorized by act of Congress; that under the United States Constitution and under the laws of the state of Nebraska the United States of America has exclusive jurisdiction over said tract of land; that the plaintiffs are all residents on said tract of land and are not residents of School District Number 28 in Hall county, Nebraska, and their children are not entitled to attend the public school of said district."

In an elaborate argument on this defense reference is made to the following excerpt from the federal Constitution:

"The Congress shall have power * * * To exercise exclusive legislation in all cases whatsoever, over such district (not exceeding ten miles square) as may, by cession of particular states, and the acceptance of Congress, become the seat of government of the United States, and to exercise

like authority over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dock-yards and other needful buildings." Const. U. S., art. I, sec. 8.

Reference is also made by defendants to the Nebraska statute which grants to the United States consent to purchase such lands in Nebraska as from time to time may be selected for "the erection of forts, magazines, arsenals and other needful buildings." Comp. St. 1929, sec. 72-601. By another provision exclusive jurisdiction over such lands is "ceded to the United States." Comp. St. 1929, sec. 72-602.

It is urgently insisted by defendants that Nebraska ceded to the federal government exclusive jurisdiction over the farmstead lands, since, as they argue, the buildings thereon are "needful buildings" within the meaning of the federal Constitution and the ceding clause of the Nebraska statute.

In that part of the federal Constitution providing that congress shall have power "to exercise exclusive legislation" over all places purchased by consent of a state legislature for the erection of "forts, magazines, arsenals, dock-yards and other needful buildings," the words "needful buildings" mean buildings on lands ceded by a state to the United States and over which the federal government acquires exclusive jurisdiction. Within the meaning of that definition, do the words, "other needful buildings," include the buildings on the farmsteads involved in the present controversy? The parties stipulated that the farmstead lands were owned by the Nebraska Rural Rehabilitation Corporation, a Delaware corporation, and that the management of the 80-acre tract was at first under a supervisor employed by the corporation named. The evidence is that the title to the lands was in the corporation. Defendants themselves adduced evidence tending to prove that the activities of the Nebraska Rural Rehabilitation Corporation were transferred to the agricultural department at Washington and in Nebraska; that the farmstead project in Hall county is operated through the agricultural department of Nebraska in cooperation and coordination with the depart-

ment of agriculture at Washington. On the record, therefore, the agricultural department of Nebraska is a participant in the operation of this relief measure. The evidence fails to show that exclusive jurisdiction over the 80-acre tract and over the occupants thereof was ceded to the federal government. The evidence also fails to show that the corporation named had power to exercise for the United States exclusive jurisdiction over the farmstead project. If the congress, in appropriating the purchase money, had in mind a benignant measure of relief for the needy, a purpose to reduce relief rolls and to create means for the self-support of persons in that class should be presumed. For that purpose, farming, producing butter and eggs and raising chickens and pigs are not purposes for which the federal government selects and exclusively uses lands for "forts, magazines, dock-yards and other needful buildings." The farmstead lands, like other lands in the school district, are used for agricultural purposes. The occupants of the farmsteads, like other farmers in the school district, are using lands in individual pursuits, not as representatives of the federal government in the exercise of exclusive sovereignty. The agricultural departments of the state and the nation, acting jointly, are not exercising exclusive legislative and executive powers of the United States over the lands and occupants in the farmstead area. For the purposes of civil and criminal jurisdiction and of political rights, the state has not lost its jurisdiction over the farmsteads and the occupants thereof. The status of plaintiffs as residents is the same as that of others in the school district. Plaintiffs are residents thereof and their children of school age are entitled to common school privileges without payment of tuition. Const. art. VII, sec. 6; Comp. St. 1929, sec. 79-1901. In this view of the record, the injunction was properly granted by the district court and the discussion of other questions presented becomes unnecessary.

AFFIRMED.